**FILED**
SEP 20 2018

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| MICHAEL ~~HUNTER~~ HOWARD HUNTER, CIVIL RIGHTS CENTER OF SOUTH DAKOTA, ALL CITIZENS SIMILARLY SITUATED,<br>            Plaintiffs,<br>v.<br><br>SIOUX CITY POLICE DEPARTMENT, CITY OF SOUTH SIOUX CITY POLICE DEPARTMENT, CITY WATERTOWN, CITY OF ROGERS POLICE AND CHIEF OF POLICE, CITY OF FORT SMITH POLICE DEPARTMENT, CITY POLICE OF SIOUX FALLS, CITY POLICE OF BELLE FOURCHE, EVERY POLICE OFFICER UNNAMED SIMILARLY SITUATED, DICK JOHNSON,<br>            Defendants. | Civil Action No. 4:18-4119<br><br>CLASS ACTION COMPLAINT FOR EQUITABLE REMEDY, DAMAGES, OTHER RELIEF |

## I.
## JURISDICTION

This is a civil right action as authorized by Title 42 of the United States Codes Section 1983 to redress the deprivation, under color and pretense of Federal and State Laws, of Rights, Privileges, and immunities secured and protected to Plaintiffs by

## II.
## **STATEMENT OF THE CASE**

Plaintiff Hunter lodged this civil action seeking the

and denominated all rightfully defendants.

Plaintiffs complaint seeks nationwide injunction to halt the massive attack on poor people and their First Amndment right to freedom of expressions use of many schemed ordinances to curtail, to deter, to punish those willing to exercise freedoms including plaintiff and his charitable business. Defendants skirt around decisions by Courts to invent subtle means to target needy Americans gifting evil-police means to use to chill the fundamental liberties of a democratic society. Many have imposed licensing requirements, fees mandatory before one may speak. Impose requirements to get permission from Mayors, from police. They have and continue to threaten plaintiff and others with fines, tickets, jail. They have required one to make application to police, to mayors before speaking to other citizens

all designed to a bold attempt to silence the poor, tax fundamental freedoms guaranteed to every American. Police stop, question and do investigations to use enforcement with no probable cause, no justification but to invoke hardships on the poor these low life wanna be police continue to harass and intrude on the most valued right to be let alone our treasured Constitution promises but a mere echo of injustice perpetrated by criminals who wear badges. Plaintiff alleges irreparable injury and ongoing damages from the evil cops a/k/a defendants and in continuing efforts which violate the Constitution, which cities by their ordinances and carried out by police. Plaintiff need not file in every court and city this occurred. And Plaintiff Hunter asserts in his complaint, he has been the victim of numerous, unwanted stops, questioning, which is as has been harassment upon account of his exercise of federally protected rights constitutes federal crimes under 18 USC Section 241, 371 and Title 42 USC Section 14141 and all

of the defendants seek to chill him from his constitutionally guaranteed rights under the First Amendment. Odd in America citizen must fear those, under guise, who allegedly enforce laws neglecting they swore to defend a "Supreme Law" they transgress United States Constitution.

### III.
### QUESTIONS PRESENTED

WHETHER BEGGING, ASKING FOR FUNDS, AND SOLICITATION ARE CONSTITUTIONALLY PROTECTED?

WHETHER A RIGHT TO BE LET ALONE IS MOST VALUED OF ALL?

WHETHER THE FEDERAL JUDICIARY SHOULD ISSUE NATIONWIDE INJUNCTION AND CERTIFY CLASS ACTION?

### IV.
### LAW

First, in <u>Gresham v. Peterson</u>, 225 F.3d 899, 904-05 (7th Cir. 2000) the Seventh Circuit said:

> "[W]hile some communities might wish for all

> solicitors, beggars, and advocates of various causes to be vanished from the streets, the First Amendment guarantees their right to be there, to deliver their pitch, and ask for support..."

And the Supreme Court has stated clearly solicitions are freedom of expression and afforded Due Process under the Fourteenth Amendments of the United States Constitution, <u>Village of Schuamburg v. Citizens for a Better Environment</u>, 444 U, S. 620, 622 (1988) The Court repeated this holding in <u>Secy of State of Md. v. Josepph Munson Co.</u>, 467 U. S. 947, 959 (1984))("are entitled to the protection of the First Amendment...") <u>Riley v. Nat'l Fed'n of the Blind of NC Inc.</u>, 487 U. S. 781, 789 (1988).

In <u>Loper v. New York city Police Department</u>, 999 F.2d 699, 704 (2d Cir. 1993) the Court clarified by stating:

> "Charitable appeals for funds, on the streets, door to door involve a variety of speech interests-----communication of information, the dissemination and propagation of view and ideas and the advocacy of cause---that are within the protection of the First Amendment..."

quoting <u>Schaumburg</u>, supra 444 U. S. at 632.   In <u>Clatterbuck v. City of Charlottesville</u>, 708 F.3d 549, 555 (4th Cir. 2013) the Fourth Circuit said:

> "The speech and expressive conduct that comprise begging merit First Amendment protection...solicitation of charitable contributions is protected speech..."

quoting <u>Riley</u>, supra 487 U. S. at 789.

Plaintiffs asserts the factual applications of any law under the decision of <u>NAACP v. Button</u>, 371 U. S. 415 (1963).

To begin:   "...a state cannot foreclose the exercise of Constitutional rights by mere labels..." <u>Button</u>, id The Court set forth:

> "Our form of government is built on the premise that every citizen shall have the right to engage in political expression...the right was enshrined in the First Amendment of the Bill of rights...the instant decree may be invalid if it prohibits privileged exercise of First Amendment rights whether or not the record discloses that the petitioner has engaged in privileged conduct. For in appraising a statute's inhibitory effect upon such rights this Court has not hesitated to take into account possible applications of the statute in other factual...It makes no difference that

> the instant case was not a criminal prosecution...the danger of tolerating in the area of First Amendment freedoms the existence of a penal statute susceptible of sweeping and improper applications...These freedoms are delicate and vulnerable as well as supremely precious in our society...The threat of sanctions may deter thei exercise as the actual application of sanctions...Because First Amendment freedoms need breathing space to survive, government may regulate in the area with narrow specificity..."

As the Court said in Speriser v. Randall, 357 U. S. 513 at 528-529 (1958):

> "When the Constitutional right to speak is sought to be deterred, due process demands that the speech be unencumbered until the state comes forth with sufficient proof to justify its inhibition...

And the Court stressed: "...due process requires in the circumstances...the state bear the burden of showing...engaged in criminal conduct..." id 357 U. S. at525-526.

"The First Amendment does not requires a state to regulate for problems that do not exist" as hereto, Burson v. Freeman, 504 U. S. 191, 207 (1992)(plurality opinion). Forms of speech "are vulnerable to gravely damaging yet barely visible

encroachments" Batam Books Inc. v. Sulivan, 372 U. S. 58, 67 (1963). Sidewalks are those public places in such as forums for free speech, Perry Education Assn. v. Perry Local Education Assn. 460 U. S. 37, 45 (1983). Hague v. CIO, 307 U. S. 496, 515 (1939). McCullen v. Coakley, 134 S. Ct. 2518 (2014).

Plaintiffs must and have "To demonstrate that a substantial number of instances exist in which the law cannot be applied constitutionally, Glenn v. Holder, 690 F.3d 417, 422 (6th Cir 2012)(Refers to the First Amendment Doctrine of overbreadth). Since the ordinances challenged by plaintiff, they are overbroad thereby "may be invalidated on its face..." City of Houston v. Hill, 482 U. S. 451, 458 (1987). New York v. Ferber, 458 U. S. 747, 760 (1982). Broadrick v. Oklahoma, 413 U. S. 601 (1973) This, as the Court explained:

> "...The statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expressions..."

quoting <u>Broadrick</u> id 413 U. S. at 612. And free speech "may be inhibited almost as easy by the potential or threatened use of power as by the actual exercise of that power..." <u>New York Club v. City of New York</u>, 487 U. S. 1 (1988). And as the Court forewarned in <u>Virginia v. Hicks</u>, 539 U. S. 113, 119 (2005):

> "...Many persons, rather than undertake the considerable burden (and substantial risk) of vindicating their rights..will choose to simply to abstain from protected speech harming not only themselves but society as a whole which is deprived of an unhibited marketplace of ideas..."

In <u>Olmstead v. United States</u>, 277 U. S. 438, 478-479 (1928) the Court announced:

> "The protections guaranteed by the Amendments is much broader in scope. The makers of our Constitution undertook to secure conditions favorable to the pursuit of happiness. The recognized the significance of man's spiritual nature, of his feelings, and of his intellect...They conferred as against the government **the right to be let alone, the most comprehensve of rights and the right most valued by civilized men...** must be deemed a violation of the Fourth Amendment..."

Plaintiffs urge the Court to find the abstention doctrine

wholly inapplicable as here their challenges to invalid and unconstitutional on their face and even so   if applied under the holding of <u>Dombrowski v Pfister</u>, 380 U. S. 479 (1965) The vindication, inhibited by defendants to discourage his exercise of First Amendment protected speech id at 489. And plaintiff has right to assert for others not appearing, <u>NAAC v. Button</u>, supra 371 U. S. at 424-429. And they [other plaintiffs] is settled "The freedom to speak and freedom to hear are inseparable.." <u>Kleindienst v. Mandal</u>, 408 U. S. 753, 775 (1972).    Per issuing TRO and subsequent injunction, the continuing assaults of his protected activities, the Court, in <u>Elrod v. Burns</u>, 427 U. S. 347 at 373-374 (1976) said any violation of First Amendment Rights, even if "minimal period of time, constitutes irreparable injury" (discussing injunction).

V.
<u>ARGUMENT</u>

The facts asserted in the complaint disclose continuing violations of freedom of speech on irreparable and efforts by the defendants to chill, impede, obstruct, and discourage protected activities. Plaintiffs are all but remediless, show great pubic interest in protected rights, disclose irreparable harms als to society. The ordinances enacted to target freedoms of plaintiffs, of poor people.   Defendants would suffer no harms nor have any interest in their enactments designed to curtail speech.

## VI.
## CONCLUSION

The Court must use its authority and move to promptly issue the TRO and other relief.

The ⟨⟩ day of ⟨⟩, 2018.

Respectfully submitted,

_____
Michael Hunter, plaintiff