UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*****************************************************************

| | | |
|---|---|---|
| MICHAEL HOWARD HUNTER; CIVIL RIGHTS CENTER OF SOUTH DAKOTA; and ALL CITIZENS SIMILARLY SITUATED, | * * * * * | CIV 18-04119 |
| Plaintiffs, | * * | |
| vs. | * * * * | ORDER DISMISSING COMPLAINT IN IN PART AND DIRECTING SERVICE IN PART |
| SIOUX CITY POLICE DEPARTMENT; CITY OF SOUTH SIOUX CITY POLICE DEPARTMENT; CITY OF WATERTOWN; CITY OF ROGERS POLICE; CITY OF ROGERS CHIEF OF POLICE; CITY OF FORT SMITH POLICE DEPARTMENT; CITY POLICE OF SIOUX FALLS; CITY POLICE OF BELLE FOURCHE; EVERY POLICE OFFICER UNNAMED AND SIMILARLY SITUATED; and DICK JOHNSON. | * * * * * * * * * * * | |
| Defendants. | * * | |

*****************************************************************

On September 20, 2018, plaintiff, Michael Howard Hunter ("Hunter"), appearing *pro se*, filed a complaint on behalf of himself and on behalf of the Civil Rights Center of South Dakota ("the Civil Rights Center") alleging violations of his civil rights under 42 U.S.C. § 1983. Doc. 1. Named defendants are: City of Sioux City, Iowa, Police Department; City of South Sioux City, Nebraska, Police Department; City of Watertown, South Dakota; City of Rogers, Arkansas, Police Department and Chief of Police, in his individual and official capacity; City of Fort Smith, Arkansas, Police Department; City of Sioux Falls, South Dakota, Police Department; City Police

1

of Belle Fourche, South Dakota; Every Police Officer Unnamed and Similarly Situated; and Dick Johnson, Mayor of Devils Lake, North Dakota, in his individual and official capacity ("Defendants"). In his complaint, Hunter alleges that police officers employed by Defendants threatened to arrest and jail him for soliciting funds on behalf of himself and the Civil Rights Center on city streets and sidewalks in violation of his First Amendment right to free speech and his equal protection and due process rights under the Fourteenth Amendment.[1]

Pending before the Court is Hunter's: 1) Motion for Leave to Proceed in Forma Pauperis, Doc. 3; 2) Motion to Appoint Counsel, Doc. 3; 2) Motion for Temporary Restraining Order and Preliminary Injunction, Docs. 1 and 2; 3) Motion for Permanent Injunction Doc. 1 and 2; and 4) Motion for Class Certification, Doc. 1. Hunter asks the Court to issue a temporary restraining order and a preliminary and permanent injunction prohibiting: 1) Defendants and all other municipalities nationwide from stopping, questioning, and harassing Hunter for soliciting funds on behalf of himself and the Civil Rights Center; and 2) Defendants from enforcing city ordinances which Hunter alleges violate his civil rights. Hunter also seeks compensatory damages of more than fifteen million dollars. Hunter asks the court to "issue a writ of mandamus and/or in the alternative issue a writ of prohibition that is nationwide exercise in aid of the Court's jurisdiction and requires specific performance of duties owed to plaintiff."

For the foregoing reasons, Hunter's Motion for Leave to Proceed in Forma Pauperis, Doc. 3, is granted. Hunter's Motion for Temporary Restraining Order and Preliminary Injunction, Docs. 1 & 2; Motion for Class Certification, Doc. 1; and Motion to Appoint Counsel, Doc. 3, are denied. Hunter's claims against nonresident defendants South Sioux City Police Department; City of South Sioux City Police Department; City of Rogers Police and Chief of Police; City of Fort Smith Police Department; and Dick Johnson are dismissed because the Court lacks personal jurisdiction over these defendants. Hunter's claims against the City Police of Sioux Falls and City Police of Belle Fourche and Every Police Officer Unnamed and Similarly Situated are dismissed for failure to state a claim upon which relief may be granted. The court orders that Hunter shall submit a completed summons and USM-285 form to the Clerk of Court for defendant City of Watertown and that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint and this order, upon the remaining defendant, City of Watertown.

---

[1] Hunter also asserts claims against the cities of Jamestown and Devils Lake, North Dakota, although they are not named defendants in this action.

2

# FACTUAL BACKGROUND

As the court construes the complaint, the facts alleged by Hunter as to each named defendant are as follows:

Defendant Sioux City, Iowa, Police Department

On or about August 4, 2018, Hunter was stopped and questioned by a Sioux City police officer for solicitation of funds on behalf of himself and the Civil Rights Center. On September 9, 2018, Hunter was stopped by a Sioux City police officer driving car 138 and was told he would be arrested if he did not cease his solicitation.

South Sioux City, Nebraska, Police Department

South Sioux City enacted an ordinance requiring a person engaged in solicitation to pay a fee that Hunter cannot pay due to his indigent status.

City of Watertown, South Dakota

In Watertown, South Dakota, a police officer told Hunter he was prohibited from solicitation pursuant to a city ordinance that requires police approval before soliciting.

City Police of Sioux Falls, South Dakota

On September 9, 2018, two police officers stopped Hunter when he was soliciting funds on behalf of himself and the Civil Rights Center and the officers stated that his activities on city property violated the law and that he could be arrested. While soliciting in Sioux Falls, Hunter has been stopped and threated with jail time by Sioux Falls City police officers numerous times over the last sixteen (16) months even though Hunter purports that there is no city ordinance that prohibited his activity.

City of Rogers, Arkansas and Chief of Police, City of Rogers

In the City of Rogers, Arkansas, the Chief of Police issued Hunter a warrant for his arrest for soliciting funds on behalf of himself and the Civil Rights Center pursuant to a city ordinance that requires police approval before soliciting.

<u>City of Fort Smith, Arkansas</u>

Hunter was threatened with arrest for solicitation on behalf of himself and the Civil Rights Center and even though Hunter purports that there is no city ordinance regulating that activity.

<u>Dick Johnson, Mayor of Devils Lake, North Dakota</u>

Hunter was issued a warrant and threatened with jail time in Devils Lake, North Dakota, pursuant to an ordinance regulating his solicitation activity. Hunter alleges that the ordinance in Devils Lake, North Dakota, requires a person engaged in solicitation to get approval of the acting mayor, Mr. Johnson.

## DISCUSSION

Hunter contends this court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State" causes the deprivation of a right protected by federal law or the United States Constitution. 42 U.S.C. § 1983.

### I. Plaintiff Civil Rights Center of South Dakota

As a preliminary matter, the court must address the issue of Mr. Hunter's relationship to the other plaintiff, the Civil Rights Center. Because Hunter is not an attorney, he is not permitted to file lawsuits on behalf of other another entity. *See Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) (citation omitted) (stating that a non-lawyer has no right to represent another entity in federal court): *see also Lattanzio v. COMTA*, 481 F.3d 137, 139 (2nd Cir. 2007) (noting that 28 U.S.C. § 1654 "does not permit unlicensed laymen to represent anyone else other than themselves"). Accordingly, this court will construe Hunter's complaint as asserting only claims on his behalf.

### II. Motion to Proceed In Forma Pauperis

A federal court may authorize the commencement of a suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

4

The Court finds that Mr. Hunter has sufficiently demonstrated his need to proceed in forma pauperis. In his affidavit, Hunter reports that he is currently unemployed, owns no property of value, and that his monthly expenses exceed his social security and disability income. Accordingly, Hunter's motion for leave to proceed in forma pauperis is granted.

### III. Hunter's Complaint

Congress has directed this Court under 28 U.S.C. § 1915 to review and screen claims in a complaint being filed in forma pauperis to determine if they are: 1) frivolous or malicious, 2) fail to state a claim on which relief may be granted, or 3) seek monetary relief against a defendant who has immunity. See 28 U.S.C. § 1915(e)(2)(B). While § 1915 contains no express authorization for lack of personal jurisdiction or venue, a district court may consider personal jurisdiction and venue *sua sponte* "if it appears beyond doubt that the petitioner can prove no set of facts in support of the claim which would warrant relief." *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985) (citations omitted); *see also Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) ("[U]nder § 1915, the district court may consider personal jurisdiction and venue *sua sponte* only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.") (internal quotations and citation omitted); *Moore v. Bertsch,* 450 Fed.Appx. 561 (8th Cir. 2012) (affirming district court's preservice dismissal for lack of personal jurisdiction under § 1915); *Johnston v. Wilkins*, 709 Fed.Appx. 404 (8th Cir. 2008) (affirming district court's ruling that it lacked personal jurisdiction over claims in preservice review pursuant to § 1915); *Rossman v. Smiley*, No. 1:17-cr-275, 2018 WL 264176 (D. N.D. Jan. 2, 2018) (adopting report and recommendation dismissing in preservice review some of plaintiff's claims for lack of personal jurisdiction).

*A. Lack of Personal Jurisdiction*

In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process. *Trujillo,* 465 F.3d at 1217 (quotations and citation omitted); *see also Steinbuch v. Cutler*, 518 F.3d 580, 585-86 (8th Cir. 2008) (discussing due process requirements for personal jurisdiction). Section 1983 does not, by itself, confer nationwide service of process or jurisdiction upon a federal district court to adjudicate claims arising under that statute. *Trujillo*, 465 F.3d at 1217; *see also Johnson v. Wilkins*, No. 5:17-cv-05158, 2017 WL 3723674, at *3 (W.D. Ark. Aug.

5

29, 2017), *aff'd*, 709 Fed.Appx. 404 (8th Cir. 2018) (citation omitted) ("Section 1983 does not provide for nationwide service of process.").

In order for a court to exercise personal jurisdiction over nonresident defendants, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum stated. *Steinbuch*, 518 F.3d at 585 (citation omitted). In this case, because the long-arm statutes in the nonresident defendant states in this case confer jurisdiction to the fullest constitutional extent, the Court's inquiry is limited to whether such an exercise of jurisdiction would comport with due process. *See id.* ("The Arkansas long arm statute confers jurisdiction to the fullest constitutional extent...."); *Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 453 (8th Cir. 1977) ("[T]he reach of the Nebraska long-arm statute is limited only by the constitutional constraints imposed by the minimum contacts rule."); *Kangas v. Kieffer*, 495 Fed.Appx. 749, 750 (8th Cir. 2012) ("Because North Dakota's long-arm statute authorizes jurisdiction over non-resident defendants to the fullest constitutional extent...") (citing *Hansen v. Scott*, 645 N.W.2d 223, 230 (N.D. 2002)); *Brown v. Kerkhoff*, 504 F.Sup.2d 464, 499 (S.D. Iowa Aug. 23, 2007) ("The jurisdictional reach of Iowa's state courts is commensurate with that permitted by due process principles embedded in the federal constitution.").

Due process requires "minimum contacts" between a nonresident defendant and the forum state, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). The minimum contact inquiry focuses on whether the defendant purposely availed itself of the privilege of conducting benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction. *Helicopteros Nactionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). "A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged inquiry need not have any connection with the forum state." *Steinbuch*, 518 F.3d at 586 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984)). The plaintiff must make a prima facie showing, however, that the defendant's contacts were not "random," "fortuitous," or "attenuated." *Id.* at 587 (citing *Keeton*, 465 U.S. at 774). "Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection

to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or related to those activities." *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

The Court finds that Hunter has not nor cannot plead facts which would support an exercise of this Court's jurisdiction over defendants Sioux City, Iowa, Police Department; City of South Sioux City, Nebraska, Police Department; City of Rogers, Arkansas Police and Chief of Police; City of Fort Smith, Arkansas, Police Department; and Dick Johnson. Hunter's alleged injuries occurred while he was soliciting funds in the nonresident defendant states and have no connection to the forum state.

Although the Court does not have personal jurisdiction over these nonresident defendants, before dismissing Hunter's claims against these defendants, the Court must determine "if it is in the interest of justice" to transfer this action "to any other such court in which the action…could have been brought at the time it was filed." 28 U.S.C. § 1631; see also *Johnson,* 709 Fed.Appx. at 405 (affirming that the district court lacked jurisdiction over plaintiff's claims, but remanding plaintiff's claim for the district court to consider whether the interest of justice requires it to transfer the claim under § 1631). A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." *Gunn v. United States Dep't of Agriculture,* 118 F.3d 1233, 1240 (8th Cir. 1997) (citation omitted).

Section 1983 does not contain a specific statute of limitations and the Supreme Court has held that § 1983 claims accruing within a particular state are to be governed by that state's general personal-injury statute of limitations. *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (citing *Wilson v. Garcia,* 471 U.S. 261 (1985)). In construing Hunter's complaint, the court finds that the claims as alleged by Hunter against the nonresident defendants are based on events that occurred fairly recently and that none of these claims appears to be subject to any imminent statute of limitations deadline. *See Devries v. Driesen,* 766 F.3d 922, 923 (8th Cir. 2014) (affirming the district court's decision barring plaintiff's § 1983 claim pursuant to Iowa Code Sec. 614.1(2) (2013) two year personal injury statute of limitations); *White v. Garrison,* No. 95-2052, 1995 WL 704321, at *1 (8th Cir. Dec. 1, 1995) (per curiam) (stating that any claim for a constitutional violation arising under § 1983 is subject to the three-year Arkansas limitations statute for general personal injury, Ark. Code Ann. 16-56-105 (Michie 1994)); *Bridgeman v.*

*Nebraska State Pen.*, 849 F.2d 1076, 1077 (8th Cir. 1988) (per curiam) (stating that the four-year personal injury statute of limitations provided for in Neb. Rev. Stat. § 25-207 (1985) applied to plaintiff's section § 1983 claims); *Kessel v. Schaff*, 697 F.Supp. 1102 (D. N.D. Aug. 12, 1987) (holding that North Dakota's two year statute of limitations governing intentional torts found in N.D.C.C. § 28-01-18(1) applies to § 1983 actions).

Accordingly, Hunter's claims against South Sioux City Police Department; City of South Sioux City Police Department; City of Rogers Police and Chief of Police; and City of Fort Smith Police Department; and Dick Johnson are dismissed by this Court in their entirety for lack of personal jurisdiction over these nonresident defendants.

**B. Failure to State a Claim Upon Which Relief May Be Granted**

In the court's review and screening of Hunter's claims pursuant to § 1915, the court must dismiss claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915. A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "does not need detailed factual allegations...[but] requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements...." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* When determining whether a complaint fails to state a claim upon which relief may be granted, this Court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." *Magee v. Trustees of Hamline Univ.*, 747 F.3d 532, 534-35 (8th Cir. 2014) (citation omitted). Because Hunter is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

When considering whether a complaint fails to state a claim upon which relief may be granted, the court must generally ignore materials outside the pleadings, but may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are

necessarily embraced by the pleadings. *See Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quotations and citation omitted).

### a. Claims against City Police of Belle Fourche and Every Police Officer Unnamed and Similarly Situated

Hunter's claims against the City Police of Belle Fourche and Every Police Officer Unnamed and Similarly Situated fail to state a claim because Hunter lacks standing to bring his claims against these defendants.

Standing "is a threshold question in every federal case, determining the power of the court to entertain suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "The standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of a controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. *Id.* at 498-99 (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). In order to possess standing to bring a claim in federal court, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Hunter lacks standing to bring his claims against the City Police of Belle Fourche and Every Police Officer Unnamed and Similarly Situated. Nowhere in the complaint does Hunter allege that he has suffered an "injury in fact" from any actions taken by the City Police of Belle Fourche or from and Every Police Officer Unnamed and Similarly Situated.

Accordingly, Hunter's claims against the City Police of Belle Fourche and Every Police Officer Unnamed and Similarly Situated are dismissed in their entirety for failure to state a claim upon which relief may be granted.

### b. Claims against Municipalities in the Forum State

Hunter seeks compensatory damages and injunctive relief against the named municipal defendants. Specifically, in Hunter's claim for injunctive relief, he asks the court to issue an injunction permanently enjoining the municipal defendants from stopping, questioning, and harassing Hunter for soliciting funds on behalf of himself and the Civil Rights Center. Municipalities and other local government units can be sued directly under § 1983 for monetary,

declaratory, or injunctive relief when a complaint alleges: 1) the existence of a policy, ordinance, regulation, or decision officially adopted and promulgated by the body's officers, or a custom or practice so permanent and well-settled as to constitute a custom or usage with the force of law; and 2) that the official policy or custom was responsible for a deprivation of the plaintiff's constitutional rights. *See Monell v. N.Y. Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).

### i. *Municipalities without an Ordinance*

As this court construes Hunter's complaint, Hunter alleges that in the City of Sioux Falls, South Dakota, he was stopped, questioned and threatened with arrest and jail time by police officers employed thereby for his solicitation activity although there was no city ordinance purportedly regulating such activity. Because Hunter does not allege that police officers employed by the City Police of Sioux Falls were acting pursuant to an ordinance or custom, Hunter's claims against this defendant are dismissed for failure to state a claim upon which relief may be granted.

### ii. *Municipalities with an Ordinance*

Hunter alleges that in Watertown, South Dakota, a police officer told him that he was prohibited from solicitation in violation of his First Amendment right to free speech and rights to due process and equal protection under the Fourteenth Amendment pursuant to a city ordinance that requires police approval before soliciting. The court finds that the facts as alleged by Hunter state a claim for relief under *Monell*, 436 U.S. 658 (1978).

### IV. Temporary Restraining Order and Preliminary Injunction

Hunter requests both a temporary restraining order and a preliminary injunction. Applications for preliminary injunctions and temporary restraining orders are generally measured against the same factors, which are set forth in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981) (en banc). In *Dataphase*, the court clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

Hunter does not allege in this complaint that he will suffer irreparable harm if denied at temporary restraining order or preliminary injunction. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987) ("Once a court determines that the movant has failed to show irreparable

harm absent an injunction, the inquiry is finished and the denial of injunctive request is warranted.").

Accordingly, the Court will deny Hunter's request for a temporary restraining order and preliminary injunction.

V.     **Motion for Class Certification**

Hunter asserts that his lawsuit is filed on behalf himself and "all citizens similarly situated." Doc. 1. Hunter further requests that the court issue an order for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Doc. 1.

To receive class certification under Rule 23, a movant must demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to meeting each of these prerequisites to class certification, movants must also satisfy one of the circumstances outlined in Rule 23(b)(1)–(3).

After screening Hunter's complaint and his motion for class certification, it is apparent that Hunter is incapable of fairly and adequately protecting the legal interests of his purported class. *See* 7A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1769.1 (class representatives cannot appear *pro se*). Furthermore, Hunter's motion for class certification does not demonstrate "that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.,* 554 F.2d 825, 830 (8th Cir. 1977). Hunter has therefore failed to satisfy two of the four prerequisites to class certification. Accordingly, the Court denies Hunter's motion for certification of a class.

VI.    **Motion to Appoint Counsel**

Hunter also moves this court to appoint counsel. Doc. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent,* 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry,* 697 F.2d 213, 214 (8th Cir.1982) (internal quotations and citation omitted).

In determining whether to appoint counsel to a *pro se* litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Stevens*, 146 F.3d at 546 (citation omitted). The facts of Hunter's claims are not complex and at this stage in the proceedings, the Court does not deem it necessary to appoint counsel. Accordingly, Hunter's motion to appoint counsel is denied.

**VII. Request to the Court to Issue a Writ of Mandamus or Writ of Prohibition**

As the Court construes Hunter's complaint, Hunter asks the Court to issue an order enjoining all municipalities and their agents nationwide from interfering with Hunter's solicitation activities. Hunter lacks standing to bring a claim because he has not alleged that he has suffered an actual or imminent "injury in fact" by these defendants. *See Friends of the Earth*, 528 U.S. at 180-81 (stating elements of standing). The writs of prohibition and mandamus that Hunter requests do not provide the relief that Hunter seeks. *Missouri v. United States Bankruptcy Court*, 647 F.2d 768, 770 n.3 (8th Cir. 1981) ("A writ of prohibition affords an expeditious and effective means of confining an inferior court to a lawful exercise of its prescribed jurisdiction or compelling a court to exercise its authority."); *Will v. United States*, 389 U.S. 90, 95 (1967) (stating that a writ of mandamus "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.") (internal quotations and citation omitted). Accordingly, Hunter's request for a writ of prohibition and a writ of mandamus are denied.

Accordingly, it is ORDERED:

1. Hunters motion for leave to proceed in forma pauperis, Doc. 3, is GRANTED; and

2. Hunter's claims against nonresident defendants Sioux City Police Department; City of South Sioux City Police Department; City of Rogers Police and Chief of Police; City of Fort Smith Police Department; and Dick Johnson are DISMISSED IN THEIR ENTIRETY WITHOUT PREJUDICE because the Court does not have personal jurisdiction over these defendants; and

3. Hunter's claims against the City Police of Sioux Falls; the City Police of Belle Fourche, and Every Police Officer Unnamed and Similarly Situated are DISMISSED IN THEIR ENTIRETY WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and

4. Hunter's Motion to Appoint Counsel, Doc. 3, is DENIED; and

5. Hunter's Motion for Temporary Restraining Order and Preliminary Injunction, Docs. 1 and 2, are DENIED; and

6. Hunter's Motion for Class Certification, Doc. 1., is DENIED; and

7. Hunter's request for a writ of prohibition and a writ of mandamus are DENIED; and

8. Plaintiffs shall complete and send to the Clerk of Court a separate summons and USM-285 form for the remaining defendant, City of Watertown, South Dakota. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed; and

9. That the United States Marshal Service shall serve the completed summons, together with a copy of the complaint and this order, upon the remaining defendant, City of Watertown, South Dakota.

Dated this 4th day of October, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

BY: _____
　　(SEAL)　　DEPUTY

13